IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MATTHEW JOHNSON,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| **LORIE DAVIS, Director,** | ) | Capital Case |
| **Texas Department of Criminal Justice,** | ) | |
| **Correctional Institutions Division,** | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**MOTION FOR APPOINTMENT OF COUNSEL**

Petitioner, MATTHEW JOHNSON, by undersigned counsel, respectfully requests that the Court appoint counsel in federal habeas corpus proceedings pursuant to 18 U.S.C. § 3599(a)(2), pursuant to the CJA Plan of the United States District Court for the Northern District of Texas. *See* Miscellaneous Order No. 3 (rev. July 2018). In support of this request, Petitioner sets forth the following:

1. In October 2013, in the 363rd District Court, Dallas County, Mr. Johnson was convicted of capital murder and later sentenced to death. *Johnson v. State*, AP-77,030 (Tex. Crim. App. Nov. 18, 2015) (unpublished). The Texas Court of Criminal Appeals affirmed Mr. Johnson's conviction. *Id.*

1

2. On September 11, 2019 the Texas Court of Criminal Appeals denied Mr. Johnson's application for post-conviction relief. *Ex parte Johnson*, WR-86,571-01, (Tex. Crim. App. Sept. 11, 2019) (per curiam) (unpublished).

3. Mr. Johnson was found to be indigent throughout his state court proceedings. Mr. Johnson is still indigent and is entitled to the appointment of counsel under 18 U.S.C. § 3599(a). He has never had his constitutional claims for relief addressed by a federal court and has a statutory right to the assistance of counsel in order to prepare and present those claims. *See* 18 U.S.C. § 3599(e); *McFarland v. Scott*, 512 U.S. 849, 857-58 (1998).

4. The Texas Office for Capital and Forensic Writs ("OCFW") represented Mr. Johnson on state habeas proceedings pursuant to Texas Code of Criminal Procedure, Article 11.071, and continued to represent Mr. Johnson at the time his state habeas application was denied. The OCFW, however, is statutorily precluded from representing clients in federal habeas corpus proceedings.

5. This Court's CJA Plan, Miscellaneous Order No. 3 (rev. July 2018), provides that this Court "should appoint the [Federal Public Defender for the Northern District of Texas ("FPD")], consistent with funding and staffing levels of the FPD related to these types of cases, when no conflict of interest exists." § XIV.F.2.

6. The FPD has informed the undersigned, and authorized him to advise this Court, that "the FPD has already been appointed to the maximum number of cases … and has not agreed to an excess appointment or is otherwise prevented from accepting the appointment." *Ibid*.

7. Because the FPD has already been appointed to the maximum number of cases, pursuant to the CJA plan, Mr. Johnson asks that this Court seek and consider the recommendation of the FPD regarding assignment of counsel, who will consult with counsel with the Texas Regional Habeas Assistance and Training Project.[1] *Id*., § XIV.F.4; Guide To Judiciary Policy, Guidelines for Administering the CJA and Related Statutes, ("Guide to Judiciary Policy"), Vol. 7A, Appx 2A.

8. Mr. Johnson further requests that this Court appoint two attorneys to represent him. "Due to the complex, demanding, and protracted nature of death penalty proceedings, judicial officers should consider appointing at least two attorneys" in capital habeas cases. Id., Vol. 7A, Ch. 6, § 620.10.20. *See also* CJA Plan, §XIV.F.3 (same); State Bar of Texas, *Guidelines and Standards for Texas Capital Counsel*, Guideline 3.1 ¶ A(1) (The team representing a person facing

---

[1] Comprised of highly experienced capital habeas practitioners, the Texas Regional Habeas Assistance and Training Project is an initiative of the Administrative Office of the United States Courts, Defender Services Division that locates qualified federal capital habeas counsel and provide resources and support to them.

execution "should consist of no fewer than two attorneys . . . an investigator, and a mitigation specialist.").

9. WHEREFORE, Petitioner, Mr. Johnson, respectfully requests this Court seek the recommendation of Jason Hawkins, the Federal Public Defender for the Northern District of Texas and Jeremy Schepers, Supervising Assistant Federal Public Defender in the Capital Habeas Unit of that office, regarding qualified counsel to represent Mr. Johnson in federal habeas proceedings. Mr. Johnson further asks that this Court accept the recommendation of the FPD and the Texas Habeas Assistance and Training Project, regarding whom to appoint.

DATED:     September 27, 2019
           Austin, Texas

                      Respectfully submitted,

                      /s/ Benjamin B. Wolff

                      Benjamin B. Wolff
                      Texas Bar # 24091608
                      Director, Office of Capital and Forensic Writs
                      1700 Congress Ave., Suite 460
                      Austin, TX 78701
                      Benjamin.Wolff@ocfw.texas.gov
                      (512) 463-8600
                      (512) 463-8590 (fax)

## **CERTIFICATE OF SERVICE**

On September 27, 2019 a copy of the foregoing motion was served upon the Office of the Texas Attorney General by United States mail at the following address:

>Office of the Attorney General
>P.O. Box 12548
>Austin, TX 78711-2548

In addition, a courtesy copy of this motion was served upon Edward L. Marshall, Chief, Criminal Appeals Division, Office of the Texas Attorney General via electronic mail.

/s/ Benjamin B. Wolff
Benjamin B. Wolff