IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MATTHEW JOHNSON**, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:19-cv-2310-E |
| | § | *CAPITAL CASE* |
| **LORIE DAVIS**, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional Institutions | § | |
| Division, | § | |
| | § | |
| Respondent. | § | |

_____

**Petitioner's Unopposed Motion for
Extension of Time to File Petition**

_____

Petitioner, Matthew Johnson, by and through undersigned Counsel, respectfully moves this Court to extend the time in which to file his Petition for a Writ of Habeas Corpus, which, pursuant to the Court's October 23, 2019 order (ECF No. 6), is presently due to be filed by December 16, 2013. Petitioner respectfully requests this Court extend the time by which he must file his petition to September 11, 2020 for two reasons: 1) that is the date on which the one-year period of

1

limitation established by Congress expires; and 2) a global pandemic makes the current filing deadline, and any deadline short of the one-year limitations period, impracticable.

I.  **Procedural history and statute of limitations**

Mr. Johnson was convicted of capital murder in Dallas County on October 30, 2013 and sentenced to death on November 8, 2013. 46 R.R. 69; 53 R.R. 7-8. The Texas Court of Criminal Appeals (CCA) affirmed his conviction and sentence on November 18, 2015. *Johnson v. State*, No. AP-77,030, 2015 WL 7354609 (Tex. Crim. App. Nov. 18, 2015). The Supreme Court denied Mr. Johnson's petition for a writ of certiorari on June 27, 2016. *Johnson v. Texas*, 136 S. Ct. 2509 (2016).

Mr. Johnson properly filed an application for state habeas corpus relief on May 28, 2015, while his direct appeal was pending. On September 11, 2019, the CCA denied Mr. Johnson relief in his state habeas proceeding. *Ex parte Johnson*, No. WR-86,571-01, 2019 WL 4317046 (Tex. Crim. App. Sept. 11, 2019).

The judgment against Mr. Johnson became final on June 27, 2016—the date the Supreme Court denied his petition for certiorari. The one-year period of limitations for filing his petition for writ of

2

habeas corpus runs from this date. 28 U.S.C. § 2244(d)(1)(A). Pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, June 27 would be excluded for purposes of determining his filing deadline. *See* Fed. R. Civ. P. 6(a)(1)(A); *Flanagan v. Johnson*, 154 F.3d 196, 2020 (5th Cir. 1998) ("We hold that Rule 6(a) applies to the computation of the one year limitation period in § 2244(d) of AEDPA."). However, because on June 27 Mr. Johnson's properly filed state habeas application was pending, the period of limitation did not begin to run on June 27 but, instead, was tolled while the application was pending. *See* 28 U.S.C. § 2244(d)(2). Mr. Johnson's state habeas application remained pending until the CCA denied relief on September 11, 2019. A "state petition for habeas relief is 'pending' for AEDPA tolling purposes on the day it is filed through (and including) the day it is resolved." *Windland v. Quarterman*, 578 F.3d 314, 317 (5th Cir. 2009). The one-year period of limitation therefore began to run on September 12, 2019 and will expire on September 11, 2020. Consequently, the filing deadline prescribed by the Court's October 23, 2019 order (ECF No. 6) comes four-and-a-half months before the applicable deadline established by 28 U.S.C. section 2244.

## II.     Reasons for extending the deadline

### A.     The task of federal habeas counsel is extraordinarily complex.

Federal habeas corpus practice and procedure, especially in death penalty cases, is renowned for its complexity. *Murray v. Giarrantano*, 492 U.S. 1, 28 (Stevens, J., dissenting) ("[T]his Court's death penalty jurisprudence unquestionably is difficult even for a trained lawyer to master."). To provide adequate representation in capital habeas, counsel must first review every aspect of the trial and state post-conviction proceedings.

The necessary investigation by habeas counsel is not merely limited to claims raised in prior proceedings. Am. Bar Ass'n, *Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases*, Guideline 10.15.1(C) (rev. ed. 2003), reprinted in 31 Hofstra L. Rev. 913, 1079 (2003) [hereinafter "ABA Guidelines"] ("Post-conviction counsel should seek to litigate all issues, whether or not previously presented, that are arguably meritorious under the standards applicable to high quality capital defense representation, including challenges to any overly restrictive procedural rules."). This is especially true in light of the Supreme Court's opinions in *Martinez v.*

4

*Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 569 U.S. 413 (2013). Under *Martinez*, "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Martinez*, 566 U.S. at 17. In *Trevino*, the Court held that the exception created in *Martinez* applies to federal habeas petitions arising from the state courts of Texas. *See Trevino*, 569 U.S. at 429. It is now incumbent upon the federal courts to permit federal habeas petitioners to investigate whether state habeas counsel was ineffective for failing to raise a substantial claim that trial counsel provided ineffective assistance and, if so, to develop that claim. It is only by determining whether substantial claims that trial counsel provided ineffective assistance were available but not raised by state habeas counsel that federal petitioners can argue that federal courts can hear otherwise-defaulted claims pursuant to *Trevino*. Depriving an indigent capital habeas petitioner of the means to develop a claim under *Trevino* would "defeat" the "express requirement of counsel" provided by the federal statute. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994); *In re Hearn*, 376 F.3d 447, 457 (5th Cir. 2004) (habeas petitioner entitled

to resources to meet threshold showing made newly available by decision of the Supreme Court). Determining whether any such claims exists necessitates that federal habeas counsel conduct the same investigation that should have been conducted by trial counsel, including interviewing any person who has had significant contacts with Mr. Johnson.

The duty of federal habeas counsel to litigate all issues is not limited to those exhausted before the state court or those potentially-made viable through the exception created by *Martinez* and *Trevino*. Should cause exist for a claim's failure to be raised previously, counsel has the duty to attempt to demonstrate to the Court that that failure prejudiced Mr. Johnson and that his claim should be viable through *Coleman v. Thompson*, 501 U.S. 722 (1991).

Furthermore, most procedural defenses in federal habeas corpus actions are affirmative defenses that must be raised, and which can be waived, by the State. *See, e.g.*, R. Governing Habeas Corpus Under 28 U.S.C. § 2254 5(b); *Trest v. Cain*, 522 U.S. 87, 89 (1997); *Blankenship v. Johnson*, 118 F. 3d 312, 316 (5th Cir. 1997). Consequently, because the habeas petition must be filed before the State answers – i.e., before the

6

petitioner knows whether the State will raise a procedural defense – federal habeas counsel must diligently identify, investigate, and develop all potentially viable claims.

### B. The congressionally-struck balance between the complexity of the task of federal habeas counsel and the need for finality must be respected.

In enacting a one-year statute of limitations for the filing of a federal habeas petition, Congress has struck a balance between the states' interest in finality and a condemned prisoner's right to federal habeas review. In addition to establishing a statutory deadline for seeking habeas relief, which can be overcome (and lengthened) only by showing an equitable basis for doing so, *see, e.g.*, *Holland v. Florida*, 560 U.S. 631 (2010), Congress has also respected the states' interest in finality is many other ways, including the codification of the requirement that habeas applicants present all claims to the federal courts in one federal petition (thus avoiding successive petitions). In short, Congress has enacted a statutory scheme that gives due weight to competing interests, including the states' interest in the finality of their judgments.

7

But, as Congress has also recognized, in order for this system to work efficiently, it is essential that habeas petitioners be afforded a full and fair opportunity to develop their claims before filing their first federal habeas petition. After extensive study and debate, Congress decided that one year is an appropriate period for this preparation. 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."). Because it reflects Congressional balancing of important federal objectives, this one-year period cannot be curtailed.

    **C.**    **Requiring Mr. Johnson to file his petition before the final day of the limitations period would violate his rights to equal protection and due process.**

If Mr. Johnson were financially capable of retaining federal habeas counsel instead of having to request this Court to appoint Counsel to represent him, it would be beyond dispute that the only time limit by which he would be required to abide in filing a federal habeas petition would be the limitations period prescribed in 28 U.S.C. § 2244(d). Indeed, absent the need for court-appointed counsel brought about by his indigence, Mr. Johnson would be neither obligated nor

8

expected to communicate with a federal district court at all prior to the filing of a federal habeas petition as close to the expiration of the limitations period as he or his independently obtained counsel saw fit.

It is thus due only to his indigence that Mr. Johnson was required to involve this Court in his preparations for filing a federal habeas petition. In seeking the appointment of counsel, however, Mr. Johnson did nothing to waive his right to take the same time to prepare his case for filing as a non-indigent petitioner would, or to subject himself to the imposition of deadlines which a federal district court would have no occasion to impose upon a prisoner who could afford his own lawyer. Under these circumstances, to require that Mr. Johnson meet a filing deadline months in advance of the expiration of his limitations period would be to treat him differently solely on account of his indigency. This would be incompatible with the mandates of due process and equal protection of the laws as guaranteed by the Fifth and Fourteenth Amendments. *Griffin v. Illinois*, 351 U.S. 12, 19 (1956) ("There can be no equal justice where the kind of trial a man gets depends on the amount of money he has. Destitute defendants must be afforded as

adequate appellate review as defendants who have money enough to buy transcripts.").

### D. A global pandemic makes the current filing deadline, and any deadline short of the one-year limitations period, impracticable.

On March 11, 2020, the World Health Organization declared a global pandemic. The outbreak relates to the novel coronavirus, or COVID-19. COVID-19 is a highly contagious respiratory illness that causes fever, cough, and shortness of breath and is considerably more dangerous and deadlier than the flu. *See* Centers for Disease Control and Prevention (CDC), Coronavirus Disease 2019 (COVID-19), https://www.cdc.gov/coronavirus/2019-nCoV/index.html. As of the date on which this motion is being filed, 10,871 people in the United States have lost their lives as a result of contracting COVID-19. *See* https://www.worldometers.info/coronavirus/country/us/

On March 13, 2020, the President of the United States declared a national state of emergency in response to the COVID-19 outbreak. *See* https://www.whitehouse.gov/presidential-actions/proclamation-declaring-national-emergency-concerning-novel-coronavirus-disease-covid-19-outbreak/. That same day, Governor Abbott declared a state of

emergency in Texas. *See* https://gov.texas.gov/news/post/governor-abbott-declares-state-of-disaster-in-texas-due-to-covid-19. On March 19, the governor issued an executive order that "every person in Texas shall, except where necessary to provide or obtain essential services, minimize social gatherings and minimize in-person contact with people who are not in the same household." *See* https://gov.texas.gov/news/post/governor-abbott-issues-executive-order-implementing-essential-services-and-activities-protocols. The executive order is currently set to expire on April 30, but the order makes clear it is "subject to extension based on the status of COVID-19 in Texas and the recommendations of the CDC." *Id.*

The circumstances related to the pandemic have presented an escalating series of obstacles that are impeding counsel's ability to represent Mr. Johnson and prepare his petition. Specifically, the pandemic has stymied Mr. Johnson's legal team's ability to conduct the required factual and mitigation investigation into Mr. Johnson's case. Investigation into Mr. Johnson's case will require travel across the state. Because members of Mr. Johnson's team, and some of the potential witnesses his team will need to attempt to interview, are

11

members of high-risk groups, it would be unethical and contrary to Mr. Johnson's interests to endanger them, their families, and their communities. The investigation required by the applicable guidelines consists of "in-person, face-to-face, one-on-one interviews with the client, the client's family, and other witnesses who are familiar with the client's life, history, or family history or who would support a sentence less than death." ABA Guidelines, Guideline 10.11(C). These requirements simply cannot be accomplished in the current environment of social distancing, self-quarantine, and lockdown orders.

Without an extension of time in which to file Mr. Johnson's petition, Counsel will be unable to adequately represent Mr. Johnson in federal habeas proceedings without endangering themselves, potential witnesses, the larger community, or Mr. Johnson's interests.

## III. Prayer for relief

For these reasons, Mr. Johnson respectfully requests that his motion and issue an order extending the time by which he must file his federal habeas petition to September 11, 2020.

Respectfully submitted,

| s/ Jeffrey R. Newberry | s/ David R. Dow |
|:---:|:---:|
| _____ | _____ |
| Jeffrey R. Newberry | David R. Dow |
| Texas Bar No. 24060966 | Texas Bar No. 06064900 |
| University of Houston Law Center | University of Houston Law Center |
| 4604 Calhoun Rd. | 4604 Calhoun Rd. |
| Houston, Texas 77204-6060 | Houston, Texas 77204-6060 |
| Tel. (713) 743-6843 | Tel. (713) 743-2171 |
| Fax (713) 743-2131 | Fax (713) 743-2131 |
| jrnewber@central.uh.edu | ddow@central.uh.edu |

*Counsel to Matthew Johnson, Petitioner*

13

## Certificate of Service

I certify that on Monday, April 6, 2020, a copy of the foregoing pleading was electronically served on counsel for Respondent, Adham Bissar, via an email to adham.bissar@oag.texas.gov by the electronic case filing system of the Court.

s/ Jeffrey R. Newberry

_____

Jeffrey R. Newberry

## Certificate of Conference

I certify that on April 2, 2020, I conferred with Adham Bissar, Counsel for Respondent Davis, on this motion via email. Mr. Bissar informed me that "Respondent Lorie Davis is unopposed to Petitioner's present motion, but the Director's non-opposition is neither an explicit nor implicit waiver of any defense, nor is it an agreement that the petition is or will be filed within the applicable limitations period, that any evidence attached to the petition is or will be properly before the Court, and/or that the petition is or will not be second or successive. The Director reserves the right to raise any defense or argument, including but not limited to those described by Rule 5 of the Rules Governing Section 2254 Cases, or those found in 28 U.S.C. §§ 2241, 2244, 2254, with respect to the petition and any claim and/or evidence attached or raised therein."

s/ Jeffrey R. Newberry

_____

Jeffrey R. Newberry