IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MATTHEW JOHNSON, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | No. 3:19-CV-2310-E |
| LORIE DAVIS, Director, Texas | § | |
| Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

**ORDER GRANTING IN PART MOTION FOR EXTENSTION OF TIME**

In an Order issued October 23, 2019 (ECF no. 6), this court set a deadline of May 1, 2020 for the filing of Petitioner's original federal habeas corpus petition. On April 6, 2020, Petitioner filed a motion for extension of time (ECF no. 17), requesting an extension of time until September 11, 2020 on the deadline for filing his original petition. Petitioner cites the current corona virus pandemic as the primary reason for his requested extension. The court will grant Petitioner a sixty-day extension on the deadline for the filing of his original federal habeas corpus petition.

Nothing in the legislative history of the AEDPA requires a federal district court to allow a federal habeas corpus petitioner to wait until the final day of the AEDPA's statutory limitations period to file an original federal habeas corpus petition.[1] On the contrary, the AEDPA was intended to streamline federal habeas corpus proceedings, not to add unreasonable or unnecessary delay to the disposition of federal habeas corpus proceedings by arbitrarily delaying the filing of a federal habeas corpus petition in the absence of a reasonable justification. One of the principal purposes of the AEDPA was to reduce delays in the execution of state and federal criminal

---

[1] Petitioner's motion incorrectly identifies the current deadline for the filing of his original petition as December 16, 2013.

sentences, especially capital sentences. *Ryan v. Valencia Gonzales*, 568 U.S. 57, 76 (2013); *Schriro v. Landrigan*, 550 U.S. 465, 475 (2007); *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Another purpose of the AEDPA was to encourage litigants to pursue claims in state court prior to seeking federal collateral review. *Duncan v. Walker*, 533 U.S. 167, 181 (2001); *see also Hernandez v. Johnson*, 108 F.3d 554, 558 n.4 (5th Cir. 1997) (the AEDPA imposes the burden on a petitioner to litigate to the maximum extent possible, including fairly presenting all available evidence supporting, his claims in state court). The AEDPA was also intended to prevent piecemeal litigation and gamesmanship. *Maywood v. Patterson*, 561 U.S. 320, 334 (2010). Thus, federal habeas review of claims is limited to the record that was before the state court that adjudicated the prisoner's claims on the merits. *Cullen v. Pinholster*, 563 U.S. 170, 182 (2011). Collectively, the provisions of the AEDPA further the principals of comity, finality, and federalism. *Panetti v. Quarterman*, 551 U.S. 930, 945 (2007); *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

"The AEDPA statute of limitations promotes judicial efficiency and conservation of judicial resources, safeguards the accuracy of state court judgments by requiring resolution of constitutional questions while the record is fresh, and lends finality to state court judgments within a reasonable time." *Day v. McDonough*, 547 U.S. 198, 205-06 (2006). The arbitrary rule advocated by Petitioner mandating the filing of an original federal habeas corpus petition on the final day of the AEDPA's limitations period furthers none of the foregoing legislative purposes underlying the AEDPA. While the court appreciates that the global corona virus pandemic has made life more difficult for many people, Petitioner has not identified any new claim or any new evidence that he has been unable to develop, despite the exercise of due diligence on his part, since this court issued its scheduling order on October 23, 2019, five months before Petitioner filed his

2

motion for extension of time.  Moreover, Petitioner has not identified any claim he failed to fully litigate in the state courts which he plans to include in his original federal habeas corpus petition. Nor does Petitioner identify any new evidence which he failed to fairly present to the state courts that he now wishes to develop and present to this court.  Delay for the sake of delay is the antithesis of the purposes underlying the AEDPA.  Petitioner's motion effectively seeks to prevent the filing of a timely amended federal habeas corpus petition in the event the Respondent's answer asserts facts which transform a claim the Petitioner asserts in his original petition. Extending the filing deadline for Petitioner's original federal habeas corpus petition sixty days means the Respondent's answer will not be due until *after* the expiration of the one-year deadline for Petitioner's federal habeas corpus petition.

Petitioner's motion for extension of time, filed April 6, 2020 (ECF no. 17) is **GRANTED IN PART**.  On or before July 1, 2020, Petitioner shall file and serve on Respondent's counsel of record his original federal habeas corpus petition in this cause.  In all other respects, the terms of and provisions of this court's Order issued October 23, 2019 (ECF no. 6) shall remain in full force and effect.

DATED: April 23, 2020

_____
**ADA BROWN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**