IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MATTHEW JOHNSON**, | § § | |
| Petitioner, | § § | |
| v. | § § | No. 3:19-cv-2310-E |
| | § | *CAPITAL CASE* |
| **LORIE DAVIS**, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § § | |
| Respondent. | § | |

**Petitioner's Motion to Modify Scheduling Order
Due to Extraordinary Circumstances**

This is a death penalty case

David R. Dow
Texas Bar No. 06064900
University of Houston Law Center
4604 Calhoun Rd.
Houston, Texas 77204-6060
Tel. (713) 743-2171
Fax (713) 743-2131
Email ddow@central.uh.edu

Jeffrey R. Newberry
Texas Bar No. 24060966
University of Houston Law Center
4604 Calhoun Rd.
Houston, Texas 77204-6060
Tel. (713) 743-6843
Fax (713) 743-2131
Email jrnewber@central.uh.edu

*Counsel for Matthew Johnson, Petitioner*

# Table of Contents

Table of Authorities ........................................................................................................ iii

Table of Exhibits ............................................................................................................ iv

Petitioner's Motion to Modify Scheduling Order Due to Extraordinary
Circumstances. ................................................................................................................. 1

I.   Procedural history ................................................................................................ 2

II.  Reasons for modifying the scheduling order ....................................................... 4

     A.   The indispensable nature of in-person interviews to mitigation
          investigations. .............................................................................................. 4

     B.   Investigation is required to properly raise three of Johnson's
          claims for relief. ........................................................................................... 7

          1.   Investigation is required to properly raise Johnson's
               ineffective assistance of counsel claim. ............................................... 7

          2.   Investigation is required to properly raise Johnson's claim
               that the Eighth Amendment and Fourteenth Amendment
               will not permit his execution because his sentence is based on
               the jury's answer to the unconstitutionally vague and
               unreliable future dangerousness special issue. ................................. 8

          3.   Investigation is required to properly raise Johnson's claim
               that the Eighth Amendment and Fourteenth Amendment
               will not permit his execution because his jury was misled by
               the trial court's punishment instruction. .......................................... 9

     C.   Further investigation could uncover evidence that would support
          additional claims. ......................................................................................... 9

     D.   Extraordinary circumstances prevented Counsel from
          completing the required investigation. ....................................................... 9

III. Counsel respectfully request the Court modify its scheduling order. .............. 10

IV.  Prayer for relief .................................................................................................. 12

Certificate of Service ..................................................................................................... 13

Certificate of Conference..................................................................................... 13

# Table of Authorities

**Cases**

*Martinez v. Ryan*,
    566 U.S. 1 (2012)..............................................................................................7

*Trevino v. Thaler*,
    569 U.S. 413 (2013)........................................................................................7-8

**Statutes**

Tex. Gov't Code § 418.041(c).....................................................................................2

28 U.S.C. § 2244(d).....................................................................................................3

**Other Authority**

Am. Bar Ass'n, *Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases*, reprinted in 31 Hofstra L. Rev. 913 (2003)..........4-7

Am. Bar Ass'n, *Supplementary Guidelines for the Mitigation Function of Defense Teams in Death Penalty Cases*, reprinted in 36 Hofstra L. Rev. 677 (2008).........................................................................................................................5-6

Tex. Governor Greg Abbott, Proclamation by the Governor of the State of Texas (Mar. 13, 2020), *available at* https://gov.texas.gov/uploads/files/press/DISASTER_covid19_disaster_proclamation_IMAGE_03-13-2020.pdf.................................................................................2

Tex. Governor Greg Abbott, Proclamation by the Governor of the State of Texas (Sept. 7, 2020), *available at* https://gov.texas.gov/uploads/files/press/DISASTER_renewing_covid19_disaster_proclamation_IMAGE_09-07-2020.pdf..................................................................2

.

## Table of Exhibits

Exhibit 1        Declaration of Emily Olson-Gault, Esq.

Exhibit 2        Declaration of Elizabeth Vartkessian, Ph.D.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MATTHEW JOHNSON**, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:19-cv-2310-E |
| | § | *CAPITAL CASE* |
| **LORIE DAVIS**, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional Institutions | § | |
| Division, | § | |
| | § | |
| Respondent. | § | |

**Petitioner's Motion to Modify Scheduling Order
Due to Extraordinary Circumstances**

Petitioner Matthew Johnson hereby requests this Court modify its scheduling order of June 17, 2020 (ECF No. 20). Contemporaneously, Johnson is filing a Petition for Writ of Habeas Corpus. The Petition is timely under 28 U.S.C. § 2244 and this Court's Order, and it complies with the requirements of Rule 2 of the Rules Governing § 2254 Cases in District Courts. However, Johnson is filing under extraordinary circumstances that compelled a state-wide declaration of disaster that has been in effect since March 13, 2020, and that have prevented his attorneys from completing the diligent investigation they began before the fight against COVID-19.[1] The limitations on investigation that were necessary to fight the

---

[1] Governor Abbott issued the first disaster proclamation on March 13, 2020.

1

pandemic justify modifying the scheduling order so that the order does not produce inefficient and inequitable results that the Court could not have foreseen or intended. Specifically, Johnson moves this Court to modify the scheduling order to give him a reasonable time to amend the Petition after limitations on investigation are lifted and before the State is required to answer.

I.  **Procedural history**

Mr. Johnson was convicted of capital murder in Dallas County on October 30, 2013 and sentenced to death on November 8, 2013. 46 R.R. 69; 53 R.R. 7-8.[2] The Texas Court of Criminal Appeals (CCA) affirmed his conviction and sentence on November 18, 2015. *Johnson v. State*, No. AP-77,030, 2015 WL 7354609 (Tex. Crim. App. Nov. 18, 2015). The Supreme Court denied Mr. Johnson's petition for a writ of certiorari on June 27, 2016, which is the date his sentence became final. *Johnson v. Texas*, 136 S. Ct. 2509 (2016).

---

Tex. Governor Greg Abbott, Proclamation by the Governor of the State of Texas (Mar. 13, 2020), *available at* https://gov.texas.gov/uploads/files/press/DISASTER_covid19_disaster_proclamation_IMAGE_03-13-2020.pdf. He has renewed this order on multiple occasions, most recently four days ago, September 7, 2020. Tex. Governor Greg Abbott, Proclamation by the Governor of the State of Texas (Sept. 7, 2020), *available at* https://gov.texas.gov/uploads/files/press/DISASTER_renewing_covid19_disaster_proclamation_IMAGE_09-07-2020.pdf. Unless renewed again, the disaster declaration will expire on October 7, 2020. *See* Tex. Gov't Code § 418.014(c) (explaining a state of disaster may not continue for more than thirty days unless renewed by the governor).

[2] Citations to the Reporter's Record of Johnson's 2013 trial appear in this motion as [volume number] R.R. [page number].

2

Before his sentence became final, Mr. Johnson properly filed an application for state habeas corpus relief on May 28, 2015, while his direct appeal was pending. On September 11, 2019, the CCA denied Mr. Johnson relief in his state habeas proceeding. *Ex parte Johnson*, No. WR-86,571-01, 2019 WL 4317046 (Tex. Crim. App. Sept. 11, 2019). Because his properly filed state habeas application was pending on the date his sentence became final, the one-year period of limitations for filing his federal habeas petition did not being to run until he was denied relief in state habeas, making Johnson's federal habeas petition due on September 11, 2020. 28 U.S.C. § 2244(d).

This Court appointed undersigned Counsel to represent Johnson in this federal habeas proceeding on October 23, 2019. ECF No. 6. At that time, 324 days remained before the period of limitations for filing Johnson's petition would expire. After this Court appointed Counsel, Counsel immediately met with Johnson and obtained his file from state habeas counsel. Soon after, Counsel began reviewing the record of Johnson's trial and direct appeal and state habeas proceedings. Counsel was near the point of being ready to begin the next phase of their investigation required of them by the ABA Guidelines (which would have focused largely on interviewing jurors, mitigation witnesses, and people who have known Johnson while he has been incarcerated on death row) when, less than five months after this Court appointed Counsel, the global pandemic spread to this state. Since that time, restrictions on travel and interpersonal contact that are necessary to slow the spread of COVID-19 have prevented Counsel from fulfilling their statutory and

ethical duty to fully investigate this case, and the claims available—or potentially available—to Johnson.

## II. Reasons for modifying the scheduling order

The global COVID-19 pandemic has impeded Counsel's ability to fully develop Johnson's Petition. Specifically, the pandemic has prevented the in-person investigation that is required to fully investigate and develop the claims raised in Johnson's Petition and to possibly discover new claims that are not contained in the Petition.

### A. The indispensable nature of in-person interviews to mitigation investigations

Three of the claims raised in Johnson's federal habeas petition require additional investigation, namely: Johnson's first claim for relief (his ineffective assistance of counsel claim); his second claim (pertaining to the future dangerousness special issue); and his fourth claim (pertaining the instruction Johnson's jury was given during the punishment stage of his trial, which is often referred to as the 10-12 rule). To raise these claims in this proceeding, Counsel must conduct extensive time-intensive investigation. Am. Bar Ass'n, *Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases*, Guideline 10.15.1 (rev. ed. 2003), reprinted in 31 Hofstra L. Rev. 913, 1079-86 (2003) [hereinafter "ABA Guidelines"] ("[P]roviding high quality legal representation in collateral review proceedings in capital cases requires enormous amounts of time, energy, and knowledge").

The investigation required by the applicable guidelines consists of "in-person, face-to-face, one-on-one interviews with the client, the client's family, and other witnesses who are familiar with the client's life, history, or family history or who would support a sentence less than death." Am. Bar Ass'n, *Supplementary Guidelines for the Mitigation Function of Defense Teams in Death Penalty Cases,* Guideline 10.11(C) (rev. ed. 2008), reprinted in 36 Hofstra L. Rev. 677, 689 (2008) [hereinafter "Supplementary Guidelines"]. For this investigation to be effective, interviews must be conducted in person. Exhibit 1 (Declaration of Emily Olson-Gault, Esq.)[3] at 5; Exhibit 2 (Declaration of Elizabeth Vartkessian, Ph.D.)[4] at 10-12; Supplementary Guidelines, Guideline 10.11(C) (explaining that interviews with relevant parties must be conducted "in-person, face-to-face, [and] one-on-one" to be effective). This cannot be accomplished in the current conditions.

Conducting interviews in person, rather by phone or video, is crucial to adequate representation in post-conviction proceedings for many reasons. First, and perhaps most importantly, in-person interviews build rapport with witnesses, while

---

[3] Emily Olson-Gault is an attorney who is the Director and Chief Counsel of the American Bar Association Death Penalty Project, which works to ensure that the constitutional rights of defendants in the capital sentencing context are protected. Exhibit 1 at 1.

[4] Elizabeth Vartkessian has worked as a mitigation specialist for the last sixteen years. Exhibit 2 at 1. She has published various peer-reviewed articles on capital punishment and has been an invited lecturer in over fifty capital trainings across the United States and abroad. *Id.* at 1-2. Additionally, she is the Executive Director of Advancing Real Change, Inc., a non-profit that conducts investigations in criminal cases and provides consultations to defense teams on the best practices of investigation. *Id.* at 2.

virtual interviews do not promote a relationship of trust. Exhibit 2 at 13. Establishing trust with witnesses is "indispensable to effective representation" in capital sentencing proceedings. Exhibit 1 at 5; Supplementary Guidelines, Guideline 10.11(C) ("Team members must endeavor to establish the rapport with the client and witnesses that will be necessary to provide the client with a defense in accordance with constitutional guarantees relevant to a capital sentencing proceeding."). Without a relationship of trust between counsel and a witness, an attorney likely will not receive a complete and accurate picture of the client's relevant behavior and history, even if they ask the right questions. ABA Guidelines, Guideline 10.5. Thus, in-person interviews are an essential element in adequately investigating and establishing the claims that are to be brought in Mr. Johnson's federal habeas petition.

Further, phone interviews are inadequate because the interviewer must assume facts that are not necessarily reliable, such as the witness's "ability to hear, understand, and speak with confidence and privacy in their own physical location." Exhibit 2 at 13. Finally, much of the relevant information that can be learned through interviews is only possible when interviews are conducted in person, including information about interviewee's emotional well-being and observations about the witness's home or appearance that could be relevant to the investigation. *Id.* at 12. Moreover, conducting interviews in person is the only way to ensure that the interview is not overheard by anyone else. *Id.*

### B. Investigation is required to properly raise three of Johnson's claims for relief.

#### 1. Investigation is required to properly raise Johnson's ineffective assistance of counsel claim.

To provide a client adequate representation in federal habeas proceedings, federal habeas counsel must conduct the same mitigation investigation that should have been conducted by trial counsel and state habeas counsel. ABA Guidelines, Guideline 10.15.1 ("[C]ollateral counsel cannot rely on the previously compiled record but must conduct a thorough, independent investigation."). This investigation necessarily includes conducting in-person interviews with any person who has had significant contacts with Mr. Johnson. If, in the course of this investigation, a substantial body of mitigating evidence is discovered that was neither raised by trial counsel or state habeas counsel, the ineffective assistance of counsel claim Counsel would raise to this Court would be fundamentally different from the claim raised in state habeas. As it would be a new claim, Mr. Johnson would not have exhausted the claim in state court.

However, in light of the Supreme Court's opinions in *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 569 U.S. 413 (2013), such a claim should not necessarily be found to be procedurally defaulted. Under *Martinez*, "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Martinez*, 566 U.S. at 17;

*see also Trevino*, 569 U.S. at 429 (applying the rule from *Martinez* to cases arising from Texas).

Thus, it is now incumbent upon the federal courts to permit federal habeas petitioners to investigate whether state habeas counsel was ineffective for failing to raise a substantial claim that trial counsel provided ineffective assistance and, if so, to develop that claim.

> **2.    Investigation is required to properly raise Johnson's claim that the Eighth Amendment and Fourteenth Amendments will not permit his execution because his sentence is based on the jury's answer to the unconstitutionally vague and unreliable future dangerousness special issue.**

Johnson's claim that the Eighth Amendment will not permit his execution because the future dangerousness finding is unreliable and has proved false necessitates Counsel interview those who have interacted with him during his time on death row who have observed and can speak to his peaceful nature. ABA Guidelines, Guideline 10.7 (Counsel should conduct interviews with anyone who can speak to defendant's "correctional experience (including conduct while under supervision …).") Since the time Mr. Johnson was denied relief in state habeas proceedings, he has been anything but dangerous. While some evidence of this existed at the time state habeas counsel filed Johnson's state application, the majority of the evidence related to this claim arose after Johnson's state habeas application was filed.[5]

---

[5] Mr. Johnson has spent over five years on death row since his state habeas application was filed on May 28, 2015. When Johnson's state habeas counsel filed

8

> 3. **Investigation is required to properly raise Johnson's claim that the Eighth Amendment and Fourteenth Amendments will not permit his execution because his jury was misled by the trial court's punishment phase instruction.**

Finally, properly raising Johnson's fourth claim necessitates Counsel interview members of Johnson's jury. While the instruction is misleading on its face, Counsel should be afforded the opportunity to attempt to speak to jurors to learn whether the trial court's instruction did, in fact, cause confusion during deliberations.

> C. **Further investigation could uncover evidence that would support additional claims.**

In addition to the providing support for the claims raised in Johnson's timely filed habeas petition, it is possible investigation will lead to evidence being developed that supports new allegations that, pursuant to Federal Rule of Civil Procedure 15(c)(1), relate back to a claim timely raised in the petition; or that do not relate back but for which Johnson is entitled to equitable tolling under *Holland v. Florida*, 560 U.S. 631, 649 (2005).

> D. **Extraordinary circumstances prevented Counsel from completing the required investigation.**

As noted above, Governor Greg Abbott declared a state of disaster for the State of Texas on March 13, 2020, and travel and other activities were restricted in order to preserve individual and public health and safety. The declaration of

---

his application, Johnson had been on death row for less than two years. Thus, the majority of the relevant evidence arose after Johnson's state habeas application was filed.

9

disaster issued 182 days before September 11, 2020—the expiration of the one-year period that Congress set as the time for filing a federal habeas petition under normal circumstances. The declaration issued only 142 days after this Court appointed Counsel to represent Johnson. Simply put, because of the pandemic, Counsel have been prevented from completing their investigation for 56% of the days that remained pending on the one-year clock on the day the Court appointed Counsel.

### III.  Counsel respectfully request the Court modify its scheduling order.

Under this Court's scheduling order and Federal Rule of Civil Procedure 15(a)(1)(B), Johnson may amend his petition "once as a matter of course" 111 days after September 11 because the Order gives Respondent ninety days to respond to Johnson's petition and an amendment would be due twenty-one days later. The extraordinary and prolonged restrictions created by the pandemic could constitute grounds for allowing further or delayed amendment of the Petition under Rule 15(a)(2). Under these extraordinary circumstances, the more efficient and equitable approach would be to delay Respondent's Answer (or other responsive pleading) until Johnson has had a reasonable time to complete his investigation and amend "as a matter of course."

Present circumstances leave a great deal of uncertainty. No one can know when infection rates will allow the relaxation of travel restrictions and other impediments to investigation. No one can say when TDCJ will reopen prisons to visitors or professionals. By filing his Petition and this Motion, Johnson reduces

some of the uncertainty. He provides notice of extraordinary circumstances and their effects on his ability to plead claims through due diligence. He requests that the scheduling order be modified so as to avoid unnecessary work, confusion, or surprise, and so that Respondent and this Court have expectations borne of the most accurate and current information available. That is, Johnson is doing everything within his power to avoid undue delay or prejudice to his interests or Respondent's.

Allowing Johnson a reasonable time to amend after conditions allow the continuation of investigation creates certainty and provides flexibility to minimize the delay. Counsel respectfully request this Court suspend operation of its scheduling order and direct the parties to file advisories every thirty days apprising the Court of the current conditions and their effect on the continuation of the necessary investigation.

## IV. Prayer for relief

For these reasons, Mr. Johnson respectfully requests that this Court suspend its scheduling order.

Respectfully submitted,

| | |
|:---:|:---:|
| s/ Jeffrey R. Newberry | s/ David R. Dow |
| _____ | _____ |
| Jeffrey R. Newberry | David R. Dow |
| Texas Bar No. 24060966 | Texas Bar No. 06064900 |
| University of Houston Law Center | University of Houston Law Center |
| 4604 Calhoun Rd. | 4604 Calhoun Rd. |
| Houston, Texas 77204-6060 | Houston, Texas 77204-6060 |
| Tel. (713) 743-6843 | Tel. (713) 743-2171 |
| Fax (713) 743-2131 | Fax (713) 743-2131 |
| jrnewber@central.uh.edu | ddow@central.uh.edu |

*Counsel to Matthew Johnson, Petitioner*

**Certificate of Service**

I certify that on September 12, 2020, a copy of the foregoing pleading was electronically served on counsel for Respondent, Garrett Greene, via an email to Garrett.Greene@oag.texas.gov.

s/ Jeffrey R. Newberry
_____
Jeffrey R. Newberry

**Certificate of Conference**

I certify that on September 11, 2020, I conferred with Garrett Greene, Counsel for Respondent, on this motion via email. Mr. Greene informed me that Respondent is opposed to this Motion.

s/ Jeffrey R. Newberry
_____
Jeffrey R. Newberry